# Mulder, *et al. v.* Stokes, *et al.*

## *Ejectment.*

(Decided November 18, 1913.　63 South. 563.)

1. *Ejectment; Directing Verdict.*—Where the evidence was conflicting as to the possession of the lands in dispute, it was a question for the jury, and the court properly declined to direct the verdict.

2. *Ejectment; Evidence; Deeds.*—A deed describing a large body of land in such a way that any uncertainty in the description was capable of being made certain by monuments designated therein was admissible in evidence in an action in ejectment.

3. *Adverse Possession; Evidence; Color of Title.*—Although uncertain in description, deeds to a plaintiff in ejectment were admissible in evidence as color of title on the question of adverse possession.

4. *Appeal and Error; Harmless Error; Instruction.*—A charge which is an abstract statement of the law will not cause a reversal for its giving where it does not appear affirmatively that the party complaining thereof was prejudiced thereby.

APPEAL from Elmore Circuit Court.

Heard before Hon. W. W. PEARSON.

Ejectment by Essie Stokes and another against R. L. Mulder and others. Judgment for plaintiffs, and defendants appeal. Affirmed.

The plaintiffs claim through an entry from the government by Benjamin and John Morrell, March 24, 1855, for the N. W. ¼ of the N. E. ¼ section 3, township 17, range 19, and deeds as follows: From F. W. McLemore and wife to Hassie J. Terrill, 1875; from Hassie J. Terrill and husband to A. F. Williams, 1889; from Sallie Williams and husband to Albert F. Wilson, 1900; and from Albert F. Wilson and wife to plaintiffs. Objection was interposed to the deeds, because the description was vague and indefinite. The deeds contained a description of 740 acres of land, some described by metes, and bounds, and monuments, and others by government subdivision. Wilson, as a witness, identified the lands sued for as those purchased from Terrill, that he went into possession under the deed, and afterwards sold the land to plaintiffs, delivering them a deed to same. Defendants relied on a deed from a number of persons to Dent Harwell, dated 1891, conveying the N. ½ of N. E. ¼ section 3, township 17, range 19, Elmore county, deed from Dent Harwell to Mulder, and from Mulder to Jake Lykes, and also testimony showing or tending to show that this particular tract of land had been known as their estate, and that he had known the land for 40 years, and that his mother had been in possession of it until she sold to witness in 1891.

FRANK W. LULL, for appellant. The character of title which could have been exercised by Wilson was such a possession as the land reasonably admits of.— *Goodson v. Brothers,* 111 Ala. 589. Under this authority there is not a single one of the elements of adverse possession shown to have existed under the Stokes' claim. Under the uncontradicted testimony Wilson's deed was invalid.—*Mahan v. Smith,* 151 Ala. 482; *Cur-*

*tis v. Riddle,* 59 South. 47. Under all the evidence then, it appears that the general charge should have been given for defendants.

J. MONROE HOLLEY, for appellee. The evidence as to possession was in direct conflict and the affirmative charge could not properly have been given.—*M. J. & K. C. v. Bromberg,* 141 Ala. 258 and cases cited. In ejectment against trespassers claiming by adverse possession, the burden is on defendant to establish adverse possession where plaintiff shows deeds to the whole tract.—*Bolling, et al. v. M. & M. R. R. Co.,* 128 Ala. 550; *Branch v. Smith,* 14 Ala. 464. The last cases cited by appellant have no application to the facts in this case. If the appellant thought the court's general charge misleading, they should have requested an explanatory charge.—*Edmondson v. Anniston C. L. Co.,* 128 Ala. 589.

DOWDELL, C. J.—This is a statutory action in the nature of ejectment. Both the plaintiffs and the defendants rely on paper title and adverse possession.

There are three assignments of error on the record.

The first is the refusal of the trial court to give the general affirmative charge for the defendants, as requested in writing. There was conflict in the evidence as to the possession of the land in dispute. This justified the court in the refusal of the requested charge, and hence there was no error.

The second assignment of error is based upon the defendants' objection to certain deeds offered in evidence by the plaintiffs, on the ground of indefiniteness and uncertainty in the description of the lands sought to be conveyed. The bill of exceptions recites as follows: "The defendants objected to the introduction of the

deeds above mentioned, on the ground that the description of the lands sought to be conveyed was vague and uncertain." The court overruled this objection, and admitted the deeds in evidence, and the defendants excepted. The deeds contained a large body of land, and some of it in the description was unquestionably not subject to the objection made. Moreover, if there was any vagueness or uncertainty in description, it was capable of being made certain by monuments designated in the deeds. Furthermore, they were admissible in evidence as color of title on the question of adverse possession.

The third and last assignment of error relates to a part of the oral charge of the court. The bill of exceptions recites that defendants "objected" to a certain part of the oral charge, and here counsel and the court had a colloquy as to what the evidence showed. According to the bill of exceptions, counsel based his objection on his contention of what the evidence showed. The bill does not inform us who was right as to the evidence—counsel or the court. The defendants excepted to the part of the oral charge referred to in defendants' objection. That part of the charge excepted to was, as an abstract statement of the law, correct, and the court will not be put in error for stating it; it not being shown that the defendants were thereby prejudiced.

We find no reversible error in the record, and the judgment must be affirmed.

ANDERSON, MAYFIELD, and DE GRAFFENRIED, JJ., concur.